### STATE v. GED BALDWIN.

(Filed 2 June, 1922.)

**Intoxicating Liquor—Spirituous Liquor—Assisting in Manufacture—Instructions—Appeal and Error.**

In an action for the unlawful manufacture of spirituous and intoxicating liquor, an instruction of the court, considered in its entirety and with reference to the evidence, that put the burden on the State to prove defendant's guilt beyond a reasonable doubt, and in effect to find him guilty if he took part in the manufacture, though he had not alone produced the completed product, is not reversible error.

APPEAL by defendant from *Brock, J.,* at November Term, 1921, of BUNCOMBE.

The defendant was prosecuted for the unlawful manufacture of spirituous and intoxicating liquor. The officers found a still site five or six hundred yards from the defendant's house—about 100 yards from his cornfield and 20 feet from his pasture, three or four barrels of beer, fermenters filled with beer, and a thumping keg used to put low wine in. They found tracks at the still and followed them through the cornfield into a branch from which there was a path leading to the defendant's house. The tracks corresponded with tracks made by defendant the day before his arrest. They were described as "peculiar," the sole having the appearance of cleats or "straps run not all the way across." The still and furnace had been pulled out; wood was found there, some of which had been taken from the furnace. The worm was not found, but the cap was, and the beer was about ready to be made into whiskey. The defendant introduced no evidence. His Honor charged the jury that the burden was on the State to satisfy them beyond a reasonable doubt that the defendant had engaged in the manufacture of liquor, that it was not incumbent on the prosecution to show that the defendant actually distilled the liquor within any specified time, but if the jury were satisfied from the evidence beyond a reasonable doubt that the defendant, within two years prior to the finding of the bill of indictment, "went there, either himself or with others, and made this beer,

whether you find that he had actually distilled any of the beer or not," it would be their duty to return a verdict of guilty. The defendant was convicted, and from the judgment pronounced he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*Mark W. Brown for defendant.*

PER CURIAM. The defendant's exception presents the question whether the instruction as to the manufacture of the beer constitutes reversible error. The charge must be considered in its entirety, and must be construed with reference to the evidence. *Hodges v. Wilson,* 165 N. C., 323; *Donnell v. Greensooro,* 164 N. C., 332. His Honor, after telling the jury that the defendant could not be convicted unless they should find from the evidence beyond a reasonable doubt that he had engaged in the manufacture of liquor, gave the further instruction that if they should find from the evidence beyond a reasonable doubt that the defendant, at any time within two years before the indictment was returned, had manufactured the beer, whether or not he had actually distilled it, they should return a verdict of guilty. Considered as an isolated proposition, the instruction would probably be subject to criticism, but when we consider the charge as a whole and in the light of the evidence we construe the instruction as meaning that if the jury should find from the evidence that the defendant made the beer they should then find that he was engaged in one of the processes of the unlawful manufacture of liquor, and if engaged in such process, he was engaged in such unlawful manufacture, and was guilty, as charged in the indictment. This interpretation brings the instruction within the principle discussed in *S. v. Blackwell,* 180 N. C., 733. While the defendant had not produced the completed product, he was engaged in the prohibited manufacture. The instruction should have been more definite, but we are not prepared to say that it constituted reversible error. The other exceptions are untenable, and require no discussion.

The judgment is

Affirmed.